USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/12/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUNTER DOUGLAS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>KOHL'S CORPORATION, KOHL'S DEPARTMENT STORES, INC., and WELCOME INDUSTRIAL CORPORATION,<br><br>Defendants. | Civil Action No.: 14 Civ. 1743 LGS<br><br>Jury Trial Demanded<br><br>**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**<br><br>Initial Pretrial Conference Date: May 12, 2014 |

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3) and the Court's Order dated March 27, 2014.  Further, pursuant to the Court's Order dated March 27, 2014, the parties submit herewith a joint letter (attached as Exhibit A) and a copy of the parties' pleadings, which include the First Amended Complaint and Answer to First Amended Complaint (attached as Exhibit B).

1.     All parties [consent ____ / do not consent  X  ] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  *[If all parties consent, the remaining paragraphs need not be completed.]*

2.     The parties [have  X  / have not ____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     This case is governed by one of the following sets of rules and the parties' proposed dates in this order have been adjusted accordingly.

    a.     An employment case governed by the Initial Discovery Protocols for Employment cases?  http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=713.  [Yes ____ / No   X  ]

    b.     A § 1983 case governed by the Plan for Certain § 1983 Cases Against the City of New York? http://www.nysd.uscourts.gov/rules/1983%20Revised%20Plan%20and%20Exhibits.11.22.2013.pdf.  Yes ____ / No  X ]

    c.    A complex case, designated as such on the docket sheet, subject to the Case Management Techniques for Complex Cases? http://www.nysd.uscourts.gov/rules/Complex_Civil_Rules_Pilot.pdf. [Yes __X__ / No _____]

    d.    A patent case subject to the Local Patent Rules? http://www.nysd.uscourts.gov/rules/Standing_Order_In_re_Local_Patent_Rules.pdf.  [Yes __X__ / No _____]

4.    Alternative Dispute Resolution/Settlement

    a.    Settlement discussions [have _____ / have not _____] taken place.

    Counsel for the parties have discussed an exchange of product information that might promote a useful settlement discussion.  An update to the Court will be provided at the conference on May 12, 2014.

    b.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

    See 4(a) above

    c.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:  (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator.  Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

    Hunter Douglas suggests a settlement conference before a Magistrate Judge.

    d.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

    Hunter Douglas suggests a settlement conference to take place within 60 days of the initial conference.

    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after **July 31, 2014** without leave of Court.

6.  Amended pleadings may be filed without leave of Court until **July 31, 2014**.

7.  Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **May 28, 2014**. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.  Disclosure of Asserted Claims and Infringement Contentions shall be served within forty-five (45) days after the Initial Pretrial Conference. (**June 26, 2014**)

9.  Disclosure of Invalidity Contentions shall be served within forty-five (45) days after the service of the Disclosure of Asserted Claims and Infringement Contentions. (**August 11, 2014**)

10. Fact Discovery

    a.  All fact discovery shall be completed no later than **February 27, 2015**. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

    b.  Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **June 12, 2014**.

    c.  Initial Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **June 12, 2014**.

    d.  Depositions of fact witnesses pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **February 27, 2015**.

    e.  Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **January 28, 2015.** This deadline does not apply to requests to admit that seek information on the genuineness of any document.

    f.  Any of the deadlines in paragraphs 10(b) through 10(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 10(a).

11. Claim Construction

    a.  The Parties shall meet and confer to identify any disputes concerning construction of the claim terms in the patent(s) no later than **September 3, 2014**.

    b.  No later than **September 12, 2014**, the parties shall file a Joint Claim Construction Statement, which identifies each party's proposed construction for all claim terms where there is a dispute about construction.

    c.  No later than **October 3, 2014,** the parties shall each serve and file an opening claim construction brief and all supporting evidence and testimony ("Opening *Markman* Submission").

    d.    Unless otherwise ordered by the Court, any discovery from an expert witness who submitted a certification or declaration in connection with a party's Opening *Markman* Submission shall be concluded within 30 days after filing the Opening *Markman* Submission.

    e.    No later than **November 17, 2014,** the parties shall each serve and file opposition brief to the respective Opening *Markman* Submission, and all supporting evidence and testimony.

    f.    A hearing for claim construction is to be held on  January 20, 2015 at 10:30 a.m.

12.    Expert Discovery

    a.    Anticipated types of experts:

Plaintiff Hunter Douglas anticipates expert testimony on issues of patent infringement and quantification of damages.

Defendants anticipate expert testimony on the issues of infringement and damages.

    b.    No later than **December 19, 2014** *[no later than one month before the date in paragraph 10(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, and the close of expert discovery.

13.    By **March 13, 2015** *[14 days after the close of fact discovery]*, all counsel must confer to discuss settlement and jointly advise the Court in writing whether they request a referral for settlement discussions as provided in Paragraph 4(c) above.

14.    A Case Management Conference shall be held on _____ at _____ A.M. *[ordinarily 14 days after the close of discovery]*.  The conference will serve either as a pre-motion conference for any party seeking to file a summary judgment motion, or a scheduling conference for trial.

    a.    A party wishing to file a summary judgment motion shall file a pre-motion letter, and any party wishing to oppose also shall file a letter at the times and in the form provided in the Court's Individual Rule III.A.1.  The Court will set the briefing schedule at the conference.  The Court will set a firm trial date after a decision on any summary judgment motion.

    b.    If no pre-motion letters are timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pre-trial submissions, a final pre-trial conference and trial.  The trial date will be firm.

15.    This case [is  X  / is not \_\_\_\_] to be tried to a jury.

16. Counsel for the parties have conferred and their present best estimate of the length of trial is **5-7 days**.

17. A status conference will be held on  Sept. 9, 2014, 12:00 p.m.  Out-of-town counsel may appear by telephone.

18. The parties shall submit a status letter on  within one (1) week of the settlement conference(s) with M.J. Pitman.

19. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

   a. Scope of Discovery.

      (i) Hunter Douglas expects to take discovery on the following topics: development of the accused product; decisions to manufacture and sell/import the accused product; marketing and sales of the product by the defendants; arrangements between and among the defendants concerning the accused product; the market for the product; knowledge of the patent (if any); knowledge related to any of the defenses raised by defendants.

      (ii) Defendants expect to take discovery on the following topics: the circumstances pertaining to plaintiff's purchases of the accused product; the date and location of the purchases; the due diligence conducted by plaintiff before filing the instant lawsuit; the research and development of plaintiff's patent; the prosecution history of the plaintiff's patent; the market for plaintiff's product; the sales of plaintiff's product, and the damages sustained by plaintiff.

   b. Electronically Stored Information ("ESI").  The parties have conferred initially on format of production of ESI, and will continue to discuss the format for producing such information. The Parties shall submit a joint electronic discovery plan by June 2, 2014, in accordance with the Case Management Techniques for Complex Civil Cases.

   c. Confidentiality/Privilege.  The parties expect to have a Protective Order governing disclosure in discovery of confidential/proprietary information.   They are conferring on whether any protection is needed for clawback of inadvertently produced privileged beyond that provided by Fed. R. Evid. 502.

   d. At this time, the parties do not contemplate any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Southern District of New York's Local Rules.

   e. Hunter Douglas notes that it may need document and deposition discovery from witnesses located in Taiwan and/or China (including Hong Kong), as it appears that the accused device is manufactured in Taiwan and/or China. Depending on the cooperation of such potential witnesses, it may require Hunter Douglas to pursue letters rogatory for such discovery.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown.  Any application to modify or extend the dates herein (except

85240193.1

-5-

as provided in paragraph 10(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.  The Parties shall submit a joint electronic discovery plan by June 2, 2014.

     SO ORDERED.

Dated:  May  12 , 2014
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Counsel for the Parties:

| | |
|---|---|
| Anthony J. Marchetta (AM7718)<br>Richard H. Brown (RB5858)<br>Day Pitney LLP<br>7 Times Square<br>New York, NY 10036<br>Tel:  212-297-5800<br>Email:  rbrown@daypitney.com<br>Attorneys for Plaintiff Hunter Douglas, Inc.<br><br>s/ Richard H. Brown | Hubert H. Kuo<br>Ardent Law Group, P.C.<br>2600 Michelson Dr., Ste. 1700<br>Irvine, CA 92612<br>Tel:  949.863.9782<br>Email:  hkuo@ardentlawgroup.com<br><br>Nick Dubois (2712511)<br>KIM & BAE, PC<br>2160 N. Central Rd., Ste, 303<br>Fort Lee, NJ 07024<br>Tel: (212) 319-6888<br>Email: ndubois@kimbae.com<br><br>Attorneys for Defendants Kohl's Corp., Kohl's Department Store, Inc. and Welcome Industrial Corp.<br><br>s/ Hubert H. Kuo |